NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD L. BAKER,**

*Plaintiff-Appellant*

v.

**GINA M. RAIMONDO, SECRETARY OF COMMERCE, KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**

*Defendants-Appellees*

---

2021-1961

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:20-cv-01245-AJT-MSN, Judge Anthony J. Trenga.

-------------------------------------------------

**DONALD L. BAKER,**

*Plaintiff-Appellant*

v.

**GINA M. RAIMONDO, SECRETARY OF COMMERCE, ANDREW I. FAILE, ACTING**

**COMMISSIONER FOR PATENTS, U.S. PATENT AND TRADEMARK OFFICE (USPTO), KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, ROBIN O. EVANS, DIRECTOR, TC 2800, USPTO, ELGIN ENAD, SUPERVISORY PE, ART UNIT 2837, USPTO, DAVID S. WARREN, PE, ART UNIT 2837, USPTO, MARLON T. FLETCHER, PE, ART UNIT 2837, USPTO, DANIEL SWERDLOW, ART UNIT 3649, USPTO,**
*Defendants-Appellees*

**UNKNOWN EMPLOYEES OF THE DEPARTMENT OF COMMERCE AND USPTO,**
*Defendant*

————————————

2021-2116

————————————

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:20-cv-01367-CMH-MSN, Senior Judge Claude M. Hilton.

————————————

Decided: June 13, 2022

————————————

DONALD L. BAKER, Tulsa, OK, pro se.

MATTHEW JAMES MEZGER, Office of the United States Attorney for the Eastern District of Virginia, United States Department of Justice, Alexandria, VA, for defendants-appellees. Also represented by JESSICA D. ABER.

————————————

PER CURIAM.

Donald L. Baker appeals from two judgments of the United States District Court for the Eastern District of Virginia dismissing two complaints filed by Dr. Baker for lack of subject matter jurisdiction. For the reasons below, we affirm both judgments.

BACKGROUND

Dr. Baker represented himself before the U.S. Patent and Trademark Office (USPTO) in the prosecution of the four patent applications at issue in this appeal. SAppx. 11.[1] In 2020, dissatisfied with the examination process, and before filing any administrative appeals, Dr. Baker filed two civil actions against the Secretary of Commerce, the Director of the (USPTO), and various unnamed USPTO employees in the Eastern District of Virginia, alleging that the patent examiners assigned to his applications were unqualified, engaged in fraud, and acted in bad faith. SAppx. 1, 6–37.

These are not the first cases Dr. Baker has pursued regarding the USPTO's determinations in these applications. In 2019, Dr. Baker sued the Director and other USPTO employees in the Northern District of Oklahoma, similarly alleging that the examiners assigned to his patent applications used "junk science," falsified material facts, and generally acted in bad faith. *See Baker v. Iancu*, No. 19-cv-0289, 2019 WL 5395449, at *1 (N.D. Okla. Oct. 22, 2019), *aff'd*, 809 F. App'x 552, 553 (10th Cir. 2020).

---

[1]    Citations to "SAppx." refer to the appendix attached to the Appellees' brief in Appeal No. 21-1961. Because the contents of the appendices in the two appeals at issue overlap significantly, we typically cite only to the appendix in Appeal No. 21-1961. Where appropriate, we cite to the appendix attached to the Appellees' brief in the companion case as "Appeal No. 21-2116 SAppx."

The Northern District of Oklahoma ultimately determined that it lacked subject matter jurisdiction for two reasons. *Id.* at \*2. First, because Dr. Baker "admit[ted] that he did not file an appeal to the" Patent Trial and Appeal Board, he had thus had not exhausted his administrative remedies, as he was required to do before filing suit in district court. *Id.* And second, a patent applicant may only appeal final decisions of the Board to the Eastern District of Virginia or the Federal Circuit. *Id.* Thus, the Northern District of Oklahoma was "not the proper court [in which] to seek judicial review of the denial of a patent application." *Id.* Accordingly, the district court dismissed the case without prejudice for lack of jurisdiction. *Id.* at \*4. The Tenth Circuit affirmed, *Baker*, 809 F. App'x at 553,[2] and the Supreme Court denied Dr. Baker's petition for a writ of certiorari, 141 S. Ct. 624 (2020).

In October 2020, Dr. Baker filed the first of the complaints at issue in this appeal in the Eastern District of Virginia, a complaint effectively identical to that in the Oklahoma case. SAppx. 6–37. Invoking various criminal statutes including the Racketeer Influenced and Corrupt Organizations Act, Dr. Baker sought, among other things, to prevent the USPTO from "falsif[ying] . . . paperwork and . . . material facts in prior art," "obstructi[ng] . . . his patent applications," and using "junk engineering in patent examination." SAppx. 30. Dr. Baker listed only two patent applications as being at issue, SAppx. 11, but attempted to

---

[2]    The district court indicated only that the case was "dismissed for lack of jurisdiction," without clarifying whether the case was dismissed with or without prejudice. *Baker*, 2019 WL 5395449, at \*4. On appeal, the Tenth Circuit remanded "only for the [district] court to amend its judgment to reflect that the dismissal is without prejudice." *Baker*, 809 F. App'x at 553. Accordingly, the Oklahoma case was ultimately dismissed without prejudice.

reserve "any and all rights to raise and try" his other two pending applications, SAppx. 18.

On November 4, 2020, Dr. Baker filed a notice with the district court indicating that the Supreme Court had denied certiorari in his Oklahoma case, which he asserted "remove[d] any bar to raising issues from" the Oklahoma case in the current Virginia case. SAppx. 39. The notice also informed the court that he planned to file another lawsuit against the USPTO. SAppx. 39. Dr. Baker did so on November 12, 2020, filing a second lawsuit in the Eastern District of Virginia alleging almost identical claims against the USPTO regarding his two remaining patent applications. *See Baker v. Raimondo*, No. 1:20-cv-1367, 2021 WL 1381560, at \*1 (E.D. Va. Mar. 30, 2021); *see also* Appeal No. 21-2116 SAppx. 16 (stating this case is a "[r]efiling" of the Oklahoma case).

The Government moved to dismiss Dr. Baker's complaints in both cases for lack of subject matter jurisdiction. Because both lawsuits presented "the same allegations and rest[ed] on the same issues" as the Oklahoma lawsuit, the district court determined that the doctrine of collateral estoppel precluded Dr. Baker from relitigating his failure to exhaust his administrative remedies. SAppx. 1–2; Appeal No. 21-2116 SAppx. 1–4. Because it determined it did not have subject matter jurisdiction in either case, the district court granted the Government's motions to dismiss. SAppx. 2; Appeal No. 21-2116 SAppx. 4.

Dr. Baker appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction under the law of the regional circuit, here the Fourth Circuit. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1380 (Fed. Cir. 2002). Under Fourth Circuit law, we review a district court's dismissal

for lack of subject matter jurisdiction de novo. *Taylor v. Kellogg Brown & Root Servs., Inc.*, 658 F.3d 402, 408 (4th Cir. 2011). For the reasons below, we affirm the district court in both cases.

On appeal, Dr. Baker argues the district court (1) "unjustly applied" collateral estoppel, Appellant's Br.[3] 1, and (2) erred in failing to address his reliance on various other sources of law, including his *Bivens*[4] claim and several provisions of the criminal code, *id.* at 2. We take each argument in turn.

I

We begin with Dr. Baker's argument that the district court inappropriately applied the doctrine of collateral estoppel to the two cases at issue. Dr. Baker asserts that by applying collateral estoppel, the district court "put[] its own convenience above the public damages of government corruption." *Id.* at 1.

A

Because the application of general collateral estoppel principles "is not a matter within the exclusive jurisdiction of this court, we must apply the law of the circuit in which the district court here sits, *i.e.*, the Fourth Circuit." *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 n.4 (Fed. Cir. 1999). We note that the Fourth Circuit has, in some circumstances, declined to apply collateral estoppel where the judgment in a prior case is supported by

---

[3] Citations to "Appellant's Br." refer to brief submitted by Dr. Baker in Appeal No. 21-1961. Because the contents of the briefs submitted by Dr. Baker in both appeals overlap significantly, we cite only to his brief in Appeal No. 21-1961.

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

independently sufficient alternative holdings. *See, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 328 (4th Cir. 2004). As the Fourth Circuit has explained, "where the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment. Thus, collateral estoppel will not obtain as to either determination." *Id.* (quoting *Ritter v. Mount St. Mary's Coll.*, 814 F.2d 986, 993 (4th Cir. 1987)); *see also Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 937 F.3d 1359, 1372–76 (Fed. Cir. 2019) (discussing Fourth Circuit law on this issue).

In this case, the Oklahoma court determined that it lacked subject matter jurisdiction for two reasons—both because Dr. Baker did not exhaust his administrative remedies before the USPTO and because a patent applicant may only appeal final decisions of the Patent Trial and Appeal Board to the Eastern District of Virginia or the Federal Circuit. *Baker*, 2019 WL 5395449, at *2 ("Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies and for being filed in a court without jurisdiction over his claims."). In other words, the Oklahoma court "determined two issues, either of which could independently support the result" of dismissal, *Microsoft*, 355 F.3d at 328, and thus Fourth Circuit law indicates that collateral estoppel might not apply to either issue.

B

Setting aside collateral estoppel, and without resolving that issue, we nonetheless affirm the district court's dismissal of both cases because it properly determined that it did not have jurisdiction. Specifically, because Dr. Baker did not exhaust his administrative remedies at the USPTO before filing suit, the district court did not have subject matter jurisdiction over his claims.

A patent applicant who remains dissatisfied with the final decision of the Patent Trial and Appeal Board has two

primary options to appeal.  He may appeal directly to the Federal Circuit.  35 U.S.C. § 141.  Alternatively, he may sue the USPTO Director in the Eastern District of Virginia. 35 U.S.C. § 145.  To pursue either option, however, an appellant must have received a "final decision" from the Patent Trial and Appeal Board; that is, he must exhaust his administrative remedies before the USPTO.  *See* § 141 (requiring a "final decision" from "an appeal to the Patent Trial and Appeal Board"); § 145 (requiring a decision from an appeal to the Patent Trial and Appeal Board); *see also Pregis Corp. v. Kappos*, 700 F.3d 1348, 1358 (Fed. Cir. 2012) ("The Patent Act expressly provides an intricate scheme for administrative and judicial review of [US]PTO patentability determinations[.]").  When a statute requires that an appellant exhaust his administrative remedies, a district court cannot consider his case until those remedies are exhausted.  *See, e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992).  In other words, without a final decision from the Patent Trial and Appeal Board, courts are not allowed to consider claims regarding the USPTO's patentability determinations.

In this case, Dr. Baker filed both Virginia lawsuits before pursuing an administrative appeal to the Patent Trial and Appeal Board.  As a result, the Patent Trial and Appeal Board has not issued a "final decision."  And without a final agency decision, the Eastern District of Virginia does not have subject matter jurisdiction to consider Dr. Baker's claims.  *See Panos v. Dir. of the U.S. Pat. and Trademark Off.*, No. 3:14-cv-698, 2015 WL 5786826, at *7–9 (E.D. Va. Sept. 30, 2015) (finding no subject matter jurisdiction where appellant had filed an appeal brief to the Patent Trial and Appeal Board but ultimately abandoned that appeal, because there was no "final decision by the Board" for the court to review).  The district court therefore does not have subject matter jurisdiction over Dr. Baker's claims. For these reasons, we affirm the district court's dismissal of Dr. Baker's cases for lack of subject matter jurisdiction.

## II

We turn next to Dr. Baker's argument that the district court erred by not addressing the various other sources of law he raises in his complaint. Appellant's Br. 2. Specifically, Dr. Baker argues the district court should have considered his claims brought under: (1) *Bivens*; (2) 18 U.S.C. §§ 242, 1001, and 1519; and (3) 5 C.F.R. § 2635.101.

As an initial matter, we note that Dr. Baker did not respond to the Government's arguments regarding these issues before the district court. In its motions to dismiss, the Government argued at length that Dr. Baker could not sustain a claim under these various sources of law. *See* SAppx. 46–56; *see also* SAppx. 44 (pursuant to the court's local rules, Government providing explicit notice that "failure to respond" to the Government's motion "may result in the relief requested in this motion . . . being granted"). Dr. Baker submitted a response to the Government's motion but did not address the Government's arguments regarding these sources of law. *See* SAppx. 57–61. Accordingly, Dr. Baker waived his arguments regarding these issues. *See, e.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal[.]"). Nevertheless, considering the leniency granted to pro se plaintiffs like Dr. Baker, we will consider the merits of his argument that the district court erred by not considering these sources of law. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (we may grant pro se litigants "leeway on procedural matters"). We consider each argument in turn.

First, Dr. Baker argues the district court erred by not addressing his *Bivens* claim. Appellant's Br. 2. "In *Bivens*, the Supreme Court held that a party may, under certain circumstances, bring an action for violations of

constitutional rights against Government officials in their individual capacities." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Here, Dr. Baker sued the Secretary of Commerce and the USPTO Director in their official capacities. *See* SAppx. 1 (noting the complaint was filed against defendants in their official capacities); *see also* SAppx. 6–8, 29–32, 34 (including in list of defendants the "Secretary of Commerce" and "Director of USPTO," among other official titles). A *Bivens* action, however, may not be brought against a federal employee in his official capacity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* action does not lie against either agencies or officials in their official capacity."). Accordingly, the court did not err in declining to consider Dr. Baker's *Bivens* claim.

Second, Dr. Baker argues the district court should have discussed his assertion of three criminal statutes—18 U.S.C. §§ 242, 1001, and 1519. Appellant's Br. 2. None of these criminal statutes, however, provides Dr. Baker a cause of action. In other words, Dr. Baker may not file a civil case for the alleged violation of a criminal statute. *See, e.g.*, *Cort v. Ash*, 422 U.S. 66, 79–80 (1975) (a "bare criminal statute," with no indication of civil enforcement, does not give rise to a private cause of action). We thus find no error in the district court declining to consider these claims.

Finally, Dr. Baker argues the trial court erred by not considering 5 C.F.R. § 2635.101. Appellant's Br. 2. This federal regulation outlines the ethical obligations that must be upheld by employees of the Executive Branch. The same subpart of those regulations, however, specifically states that it does not create a private cause of action, i.e., Dr. Baker cannot rely on it to pursue his case against the Government. *See* § 2635.106(c) ("A violation of this part . . . does not create any right or benefit . . . enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person."). Thus, the court did not err in declining to consider this claim.

BAKER v. RAIMONDO                                          11

Accordingly, we determine that the Eastern District of Virginia did not err in declining to consider these various sources of law presented by Dr. Baker. We have considered Dr. Baker's remaining arguments and find them unpersuasive.

CONCLUSION

For the above reasons, we affirm the judgments of the Eastern District of Virginia dismissing Dr. Baker's complaints for lack of subject matter jurisdiction.

**AFFIRMED**

COSTS

No costs.